## SULLIVAN LUMBER COMPANY v. EDNA THORN.[1]

July 9, 1915.

Nos. 19,309—(216).

**Promissory note — presumption.**

1. While the giving of a promissory note raises a presumption that no

1 Reported in 153 N. W. 616.

legitimate demand is then due from the payee to the maker of the note, it is a rebuttable presumption.

**Verdict sustained by evidence.**

2. The evidence examined and *held* to sustain the finding of the jury that defendant at the time she executed the note in suit held a valid claim for services rendered plaintiff long prior thereto.

**Res gestæ — letter of third person.**

3. A letter passing between officers of plaintiff and the contents of which defendant or her husband had no knowledge, though it concerned their compensation, was properly excluded when offered by plaintiff.

**Charge to jury.**

4. No reversible error is found in the charge.

Action in the district court for Traverse county to recover $159.20 upon a promissory note. The answer set up a counterclaim for $550 for labor and services rendered plaintiff at its special instance and request. The case was tried before Flaherty, J., and a jury which returned a verdict in favor of defendant and assessed her damages at $890.89. Plaintiff's motion for a new trial was granted unless defendant consented to a reduction of the verdict to $783.15. From the order denying its motion for a new trial, plaintiff appealed. Affirmed.

*James B. Ormond* and *D. J. Leary,* for appellant.
*Murphy & Anderson,* for respondent.

HOLT, J.

The note in suit and the amount due thereon were admitted and a counterclaim was set up for the value of 21 months' work performed by defendant for plaintiff some time before the note was given. The jury awarded more upon the counterclaim than demanded in the answer. The court denied plaintiff's motion for a new trial, on condition that defendant consent to a reduction of the verdict to accord with the demand. She consented and plaintiff appeals.

Two juries have found for defendant. The first verdict was set aside and a new trial awarded because "due weight was not given

to the presumption arising from the giving of the note." Sullivan Lumber Co. v. Thorn, 124 Minn. 532, 144 N. W. 1135.

The chief contention is that the evidence does not sustain the verdict. It is clearly established that, for 21 months, previous to February, 1910, defendant performed services as a bookkeeper and clerk in the lumber and fuel business carried on by plaintiff at Browns Valley, Minnesota. And at this trial there is sufficient evidence to justify the finding that these services were rendered at the request of plaintiff. That being so, it became liable to her for the reasonable value thereof.

Before and while these services were rendered defendant's husband was the manager of plaintiff's yard and office at Browns Valley. His salary had been $60 per month up to the time plaintiff began to assist in the work. Plaintiff's theory on the trial seemed to be that in view of defendant assisting her husband his salary was raised to $80 per month, this to be compensation for the services of both. Her husband died on February 1, 1910, and plaintiff employed another manager. He requested defendant to again take charge of the books. She did so, receiving $15 a month for the first three months and $20 for 15 months thereafter. The salary was paid monthly. When her husband died he was indebted to plaintiff for lumber used in the improvement of the homestead. On July 24, 1911, while defendant was working for plaintiff as stated, she gave the note in suit at the request of plaintiff's then manager.

The giving of the note, coupled with payment of wages monthly for a long period subsequent to the time for which compensation is now claimed, is held by plaintiff to be conclusive proof that defendant's demand is without merit. We think not. There is evidence to rebut the presumption that might arise from the giving of her note while she held a demand for a large sum against the payee. Beneke v. Beneke, 119 Minn. 441, 138 N. W. 689, Ann. Cas. 1914B, 381. Defendant testified, and plaintiff's manager virtually admits it to be true, that when he asked her to give the note to square her husband's account it was done to, in a measure, help out the manager, whose position might depend on his success in getting the adjustment, and that she then insisted that plaintiff was indebted to

her for these services. She also maintains that plaintiff's president and manager, D. C. Sullivan, had disappeared while these services were being performed; that he was the only official of the plaintiff who knew of the circumstances under which they were rendered; that she was waiting his return to obtain a settlement; and was so waiting when the note was given. We think the explanation was for the jury. The evidence relating thereto was more complete at this trial than was presented by the record on the former appeal.

We cannot sustain plaintiff in the contention that a new trial should be granted for excessive damages awarded defendant. It is true, she originally valued the services at $20 per month, but she was permitted upon the second trial to amend so as to allege them to be of the total value of $750. She testified they were worth $40 per month. Plaintiff offered no evidence at all upon the subject, and there was nothing to contradict her present estimate, except such admissions as were made by her in the first trial. The verdict as reduced is within the issues.

Error is assigned upon the exclusion of a letter written in June, 1908, by D. C. Sullivan to J. M. Sullivan, both officials of plaintiff, wherein defendant and her husband are referred to thus: "I think as long as his wife keeps the books and he does all he can that they ought to have $80 a month. That is, you might give his wife $20 a month including this month and tell them so at once, as I understand your competitors have been asking him if he is satisfied. Let me know if you raise his wages." It is insisted this letter is part of the *res gestæ* and should have been admitted. Plaintiff pleaded no defense to defendant's demand for compensation for services other than a denial that any were rendered. No attempt was made to show that either defendant or her husband had any knowledge of this letter. We fail to see wherein it may be said to be part of the *res gestæ*. It contains no reference to any communication from defendant or her husband.

A number of errors are assigned upon the charge. In view of plaintiff's denial in the reply that any services were rendered by defendant, the court is not to be criticized for stating with some

hesitancy plaintiff's contentions that her husband's pay included compensation for the services in suit.   This instruction is complained of: "When one person renders services for another which are accepted and which are rendered under circumstances that justify the reasonable expectation that they will be paid for by the person who receives the benefit of the same, the law raises an obligation and promise on the part of such person to pay what said services were reasonably worth."   We think the words "reasonable expectation" may as well be held to relate to the one who accepts as to the one who renders the services.   If plaintiff deemed the meaning doubtful attention should have been called thereto before the jury retired.   No other alleged error in the charge requires mention.

Order affirmed.